**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tagir Shikhkerimov,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-00578-PHX-JJT

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Magistrate Judge Fine issued a Report and Recommendation (Doc. 11) recommending that the petition be denied based in part on the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020). ("[T]he Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause . . . . [Responodent] therefore has no entitlement to procedural rights other than those afforded by statute." (citation omitted)).

On September 21, 2026, in *Padilla v. ICE*, the Ninth Circuit rejected the government's argument that *Thuraissigiam* forecloses due process rights, beyond those Congress grants by statute, for noncitizens who entered the country unlawfully. *Padilla v. U.S. Immigr. & Customs Enf't*, No. 24-2801, slip op. at 25–27 (9th Cir. Sept. 21, 2026). The court wrote that "[t]he government's boundless proposition is nowhere to be

found in *Thuraissigiam*." *Padilla*, slip op. at 34. It held that the Supreme Court's decision applies only to noncitizens "at the threshold of initial entry." *Id.* at 27 (quoting *Thuraissigiam*, 591 U.S. at 107). The court emphasized that "[t]he right to due process is conferred, not by legislative grace, but by constitutional guarantee." *Padilla*, slip op. at 34 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (citation modified)). It concluded that "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." *Id.* at 45.

In light of *Padilla*, the Court will require Respondent to file a supplemental response addressing whether Petitioner is entitled to release or a bond hearing.

**IT IS THEREFORE ORDERED** Respondent must file a supplemental response as directed herein no later than **September 30, 2026**. Petitioner may file a supplemental reply no later than **October 2, 2026**.

Dated this 25th day of September, 2026.

Honorable John J. Tuchi
United States District Judge